

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2004

# Brunwasser v. Johns

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2677

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Brunwasser v. Johns" (2004). *2004 Decisions*. Paper 789.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/789

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2677

ALLEN N. BRUNWASSER,
individually and as a representative of a class of lawyers
and litigants who may be subject to PA. R.A.P. 2744
and or 3305 and or 3306;
CONSTANCE A. SCHAEFER; JOHN CAGNON;
THE FIFTIES CLUB; LOUIS A. LARAIA

v.

CHARLES W. JOHNS, Prothonotary of the Supreme
Court of Pennsylvania

ALLEN N. BRUNWASSER,
individually and as a representative of a class of lawyers
and litigants who may be subject to Pa. R.C.P.
2744 and/or 3305 and/or 3306,
CONSTANCE A. SCHAEFER; JOHN CAGNON,
THE FIFTIES CLUB, DOLORES MUICK*,
LOUIS LARIAI,
Appellants
(*Pursuant to F.R.A.P. 12(a))

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 03-cv-00268)
District Judge: Robert J. Cindrich

Submitted Under Third Circuit LAR 34.1(a)
April 12, 2004

Before:  RENDELL, COWEN and LAY*, Circuit Judges.

(Filed   April 22, 2004      )

_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Allen N. Brunwasser appeals from an order entered in the District Court granting Defendant's motion to dismiss his claim challenging the constitutionality of Rules 3305, 3306, and 2744 of the Pennsylvania Rules of Appellate Procedure, which generally grant authority to the Prothonotary of the Pennsylvania Supreme Court and to the state's appellate courts to recommend and/or institute sanctions against attorneys for violations of various rules, including the filing of frivolous appeals.  Brunwasser brought suit individually and as a representative of a class of lawyers potentially affected by the aforementioned rules, naming several of his clients as additional plaintiffs.  Brunwasser's claim was dismissed for lack of standing.  We will affirm.

As the District Court noted, this is not the first time that Brunwasser filed such a lawsuit.  In fact, he filed a "nearly identical action" on July 9, 2001, which was dismissed

_____

*Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

2

with prejudice for lack of standing.[1] See D. Ct. Order at 2 (citing <u>Brunwasser v. Johns</u>, No. 01-1255, 2002 WL 32775 (W.D. Pa. Jan. 10, 2002)). Brunwasser appealed, and we subsequently affirmed. (<u>Brunwasser v. Johns</u>, 2002 WL 31667654, *1 (3d Cir. Nov. 27, 2002)).

Brunwasser now asks us to reverse the District Court's most recent ruling because he contends that: 1) certain proposed amendments to his complaint, which establish that Brunwasser is fearful about pursuing various legal issues because doing so may result in the imposition of sanctions against him, confer the standing necessary to revive his claim, and thus, the case should be remanded for further consideration on the merits; 2) the District Court's order, which cautioned Brunwasser against filing baseless lawsuits in the future or else face the prospect of Rule 11 sanctions, constitutes a "gag order," which in itself confers standing upon Brunwasser; and 3) the Court's order, which in addition to warning Brunwasser about future sanctions also noted that his claim could be barred by res judicata, qualifies as an advisory opinion, or, in the alternative, suggests that the District Court Judge was acting as a biased advocate.

It is well settled that in order to establish Article III standing, the plaintiff must show, *inter alia*, that he "suffered an injury in fact--an invasion of a legally protected interest [that] is . . . concrete and particularized" and "actual or imminent, not conjectural

---

[1] According to the District Court, "[a]lthough some of the language used in the two complaints differs, Mr. Brunwasser's allegations and legal theories are identical in every material respect." D. Ct. Order at 3.

or hypothetical." AT&T Communs. of N.J., Inc. v. Verizon N.J., Inc., 270 F.3d 162, 170 (3d Cir. 2001) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Furthermore, fear of a possible future consequence that is merely speculative is not an injury in fact, and thus is not sufficient to confer standing. See, e.g., Georgine v. Amchem Prods., 83 F.3d 610, 636 (3d Cir. 1996), aff'd sub nom. Amchem Prods. v. Windsor, 521 U.S. 591 (1997).

In the instant case, Brunwasser's allegations regarding the potential imposition of sanctions against him is nothing more than speculative. Furthermore, his assertions (1) that a court's forewarning of possible future sanctions is equivalent to a "gag order,"[2] (2) that the delivery of such a warning makes a judge into a biased advocate, and (3) that a court violates the rule against issuing an advisory opinion when it merely notes that there are other bases on which its ruling could be supported, are wholly lacking in merit.

For the foregoing reasons, we find Brunwasser's contentions without merit. Accordingly, we will summarily AFFIRM.

---

[2] Gag orders are generally used to prohibit an attorney from discussing a notorious case with reporters – their purpose is entirely unrelated to the imposition of sanctions against an attorney for filing frivolous lawsuits. See Black's Law Dictionary 678 (6th ed. 1990). Moreover, in order to establish standing in cases where actual gag orders are at issue, the plaintiff still has the burden of showing that the gag order caused him injury in fact and that his injury is likely to be redressed by a favorable decision. FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996) (citations omitted).